***E-FILED - 6/3/11***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICHARD ODELL, | ) | No. C 10-3262 RMW (PR) |
| | ) | |
| Petitioner, | ) | ORDER GRANTING |
| | ) | RESPONDENT'S MOTION TO |
| vs. | ) | DISMISS; DENYING CERTIFICATE |
| | ) | OF APPEALABILITY |
| | ) | |
| G. SWARTHOUT, Warden, | ) | (Docket No. 7) |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, a state prisoner proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court ordered respondent to show cause why the petition should not be granted. Respondent has moved to dismiss the petition as untimely. Petitioner has filed an opposition, and respondent has filed his reply. Having reviewed the papers and the underlying record, the court concludes that the petition is untimely, GRANTS respondent's motion to dismiss, and DISMISSES the petition.

**BACKGROUND**

In 1991, petitioner was convicted by jury in Alameda County Superior Court for kidnapping, and various sex crimes. (MTD, Ex. 3.) He was sentenced to 82 years. (Petition at 2.) On October 22, 1993, the California Court of Appeal affirmed. (Id. at 3.) On January 13, 1994, the California Supreme Court denied review. (MTD, Ex. 2.) Approximately twelve years later, on February 8, 2006, petitioner filed a state habeas petition in superior court, which was

Order Granting Respondent's Motion to Dismiss; Denying Certificate of Appealability
P:\PRO-SE\SJ.Rmw\HC.10\Odell262mtdtime.wpd

denied as untimely on March 21, 2006. (MTD, Ex. 3, Ex. F.) His state habeas petition in the California Court of Appeal was denied on March 25, 2009. (MTD at 2.) His state habeas petition in the California Supreme Court was denied on May 12, 2010. (Id.) Petitioner filed the instant federal petition on July 26, 2010.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996 and imposed for the first time a statute of limitation on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. 28 U.S.C. § 2244(d)(2).

AEDPA's one-year time limit did not begin to run against any state prisoner before the date of its enactment. Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1287 (9th Cir. 1997) (allowing section 2244(d)'s limitation period to commence before AEDPA's enactment would have an impermissible retroactive effect), overruled in part on other grounds by Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc). A prisoner with a state conviction finalized before April 24, 1996, like petitioner, therefore had until April 24, 1997, to file a federal habeas petition on time. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Petitioner filed his federal habeas petition more than thirteen years later, on July 26, 2010. Thus, absent tolling, the instant petition is untimely.

The one-year statute of limitations is tolled under § 2244(d)(2) for the "'time during which a properly filed application for state post-conviction or other collateral review with

respect to the pertinent judgment or claim is pending.'" Dictado v. Ducharme, 244 F.3d 724, 726 (9th Cir. 2001) (quoting 28 U.S.C. § 2244(d)(2)). Here, however, petitioner's state habeas petitions to the California Court of Appeal and the California Supreme Court do not statutorily toll the one-year limitation period because they were filed after it had already expired. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed). Thus, because statutory tolling does not render the petition timely, the court must decide whether equitable tolling saves the petition.

The Supreme Court has determined that the AEDPA's statute of limitation is subject to equitable tolling in appropriate cases. Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 2562 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). The diligence required to establish entitlement to equitable tolling is "reasonable diligence." Holland, 130 S. Ct. at 2565 (concluding that district court's finding of lack of diligence was incorrect, and remanding for detailed examination of facts to "determine whether they indeed constitute extraordinary circumstances sufficient to warrant equitable relief").

The Ninth Circuit has held that the petitioner bears the burden of showing that "'extraordinary circumstances' were the cause of his untimeliness." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (citations omitted). Where a prisoner fails to show "any causal connection" between the grounds upon which he asserts a right to equitable tolling and his inability to timely file a federal habeas application, the equitable tolling claim will be denied. Gaston v. Palmer, 417 F.3d 1030, 1034-35 (9th Cir. 2005) (holding that where prisoner fails to show causal connection between self-representation on direct appeal or physical and mental disabilities and inability to timely file petition, district court's finding that he was not entitled to equitable tolling where he had earlier filed a state habeas petition was not clear error). He must, furthermore, show that his untimeliness was caused by an external impediment and not by his own lack of diligence. Bryant v. Arizona Attorney General, 499 F.3d 1056, 1061 (9th Cir. 2007)

1  (no equitable tolling where petitioner was not diligent in that he failed to seek any state court
2  relief for six years, or to take advantage of available paralegal assistance).

3      Petitioner argues that the statute of limitation should be equitably tolled because: (1) his
4  counsel on appeal was ineffective; (2) he was denied access to his case files; (3) his attorney
5  committed egregious misconduct; and (4) "errors of constitutional magnitude."[1] The court
6  addresses each argument in turn.

7      First, petitioner alleges that his appellate counsel's errors entitled him to equitable
8  tolling. Petitioner claims that counsel failed to inform him that his appellate case concluded,
9  failed to inform him that he could continue to appeal to the California Supreme Court, and failed
10 to exhaust certain issues. (Opp. to MTD at 2.) Even assuming petitioner's appellate counsel
11 committed all these omissions, they occurred before petitioner's AEDPA statute of limitation
12 even began. Thus, petitioner fails to show how any of these errors had any effect on his inability
13 to file a timely federal habeas petition. See Gaston, 417 F.3d at 1034-35.

14     Second, petitioner alleges that he should receive equitable tolling because he was denied
15 access to his case files. (Opp. to MTD at 2.) However, he claims he was denied access to his
16 files from 1991 through 1993, before the AEDPA statute of limitation even began. Again,
17 petitioner does not demonstrate how his lack of access to his legal materials affected his ability
18 to file his federal habeas petition on time. See id.

19     Third, petitioner argues that Attorney Robert E. Mitchell committed egregious
20 misconduct. (Opp. to MTD at 3.) He states that on April 7, 1994, his family hired Mitchell to
21 file a state habeas corpus petition on his behalf. (Id.) However, petitioner's documents indicate
22 that not until March 26, 1997 -- one month before the AEDPA statute of limitation expired -- did
23 petitioner's family retain Mitchell to prepare a state habeas petition on his behalf.[2] (Petition, Ex.

---

[1] Petitioner also argues that he acted with due diligence. The court will address that argument with petitioner's assertions that his attorney committed misconduct.

[2] On January 25, 1995, Mitchell assisted petitioner obtain a transfer to a prison closer to his parents. (Petition, Ex. A-1.) It appears that Mitchell and petitioner's family remained in contact, however, the deposit paid to retain Mitchell for the purpose of preparing and filing a

A-3, A-5, A-7.) In September 1997, petitioner's family sent another payment to Mitchell to continue representation of petitioner. (Id. at Ex. A-5.) After some time, petitioner stated that after "numerous calls and letters," Mitchell became unreachable. (Opp. to MTD at 3.) On June 4, 1999, petitioner's family sent one final letter to Mitchell, requesting a status update. (Petition at Ex. A-8.) The letter stated that they had had no contact with Mitchell since early 1998, even though they attempted to contact him throughout 1998. (Id.) At that time, Mitchell still had petitioner's case files.

In 2000, petitioner began sending letters seeking alternate representation because he believed that Mitchell had abandoned his case. (Opp. to MTD at 4.) On November 1, 2001, petitioner filed a complaint with the California State Bar regarding Mitchell's representation. (Petition, Ex. A-10.) On November 7, 2001, petitioner filed a motion in Alameda County Superior Court requesting his case files and documents. (Opp. to MTD at 4; Petition at Ex. A-27.) On December 18, 2001, petitioner learned that Mitchell had been disbarred on October 22, 2000. (Petition, Ex. A-10.) Petitioner continued soliciting attorney representation to file a state habeas petition. (Petition, Exs. A-22 - A-24.) More than three years later, on May 8, 2005, Attorney Frank Prantil agreed to prepare and file a state habeas petition for petitioner.

In Spitsyn v. Moore, 345 F.3d 796 (9th Cir. 2003), the petitioner's mother hired an attorney, Huffhines, to file a federal habeas petition nearly a year before AEDPA's deadline but Huffhines failed to do so. After a period of inactivity, Spitsyn and his mother made three inquiries to Huffhines, and also filed two grievances with the Washington State Bar. Eventually, Spitsyn wrote Huffhines again, this time "indicating that the representation had been terminated and requesting" Huffhines return his file. Huffhines did not respond or return the file until after the limitations period expired, and was ultimately reprimanded by the state bar for violating state rules of professional conduct. Spitsyn then filed a federal habeas petition in pro se 226 days after the statute of limitations had run and approximately six months after his file was returned. Spitsyn, 345 F.3d at 798-99. A panel of the Ninth Circuit held that "the misconduct of Spitsyn's

---

state habeas petition was written on March 26, 1997.

attorney was sufficiently egregious to justify equitable tolling of the one-year limitations period under AEDPA," but nevertheless remanded the case for a determination of whether Spitsyn had exercised reasonable diligence such that enough equitable tolling was warranted to render his petition timely. Id. at 801-02. The court noted "in particular that the record does not indicate why Spitsyn did not file his petition until September, when Huffhines returned his files in April." Id. at 802.

The foregoing establishes petitioner has not met, and cannot meet, the "very high" burden to justify equitable tolling in this case. Id. at 799. Specifically, petitioner has not shown he had any intention of filing a federal habeas petition before the statute of limitation expired on April 24, 1997, or at any time before 2010. The court notes that through his direct appeal, petitioner had already exhausted over half of his nineteen claims raised in his federal petition. Unlike the petitioner in Spitsyn, where the attorney was specifically hired to file a federal habeas petition before the AEDPA deadline and failed to do so, petitioner has shown only that he hired Mitchell to file a state habeas petition in the trial court, id. at 798-99, and that he was not concerned with anything but that state habeas petition for years after the expiration of AEDPA's limitation period. Cf. Malcolm v. Payne, 281 F.3d 951, 963 (9th Cir. 2002) (prisoner's "understandable" choice to postpone seeking federal habeas relief while pursuing state clemency proceedings was not beyond her control and therefore did not warrant equitable tolling). Thus, he has not demonstrated a causal connection between Mitchell's misconduct and his inability to file a timely federal petition.

Even assuming that Mitchell's misconduct was some extraordinary circumstance that stood in petitioner's way of filing a timely federal petition, petitioner cannot demonstrate that he was pursuing his rights diligently. See Pace, 544 U.S. at 418. After petitioner sent his "final" inquiry to Mitchell in June 1999, he concluded that Mitchell abandoned petitioner's case. (Opp. to MTD at 3.) He then waited over two years to request his legal files from the trial court. (Opp. to MTD at 4; Petition, Ex. A-27.) Petitioner remarks that replacing his case files took additional time, however, he does not allege how long it took him to retrieve all the necessary files, or what steps he undertook to do so. Nevertheless, waiting two years to attempt to retrieve his legal files,

then spending another four years to find and retain an attorney to file his state habeas petition, and finally, filing a federal petition approximately five years later does not equate to a diligent pursuit of rights.

Relatedly, to the extent that petitioner argues that Mitchell retained his legal files and thus, petitioner could not file his petition on time, petitioner again fails to demonstrate due diligence.  The court notes that even in his federal petition, petitioner proclaims that he is still missing documents from his legal files.  (Petition, Ex. AA at 3.)  Clearly, that petitioner did not possess these documents from his case file did not prevent him from filing a federal habeas petition on time.  Cf. Randle v. Crawford, 604 F.3d 1047, 1057-58 (9th Cir. 2010) (state-appointed counsel's failure to provide petitioner his legal papers did not warrant equitable tolling because it did not cause petitioner to be unable to file a federal habeas petition).  Thus, petitioner is not entitled to equitable tolling related to his attorney misconduct.

Fourth, petitioner claims that the issues raised in his petition are so fundamentally unfair that no jury would have convicted him otherwise.  (Opp. to MTD at 4.)  However, this argument is irrelevant to the determination of whether petitioner is entitled to equitable tolling.  See Holland, 130 S. Ct. at 2562.

**CONCLUSION**

Respondent's motion to dismiss is GRANTED and the petition is DISMISSED.  The Clerk shall enter judgment and close the file.

**CERTIFICATE OF APPEALABILITY**

For the reasons set out in the discussion above, petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right [or] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Accordingly, a certificate of appealability is DENIED.

IT IS SO ORDERED.

DATED: 6/3/11

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge